Jose Dagoberto CHAVEZ–
ROMERO, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 08–70347.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

Bob Platt, Esquire, Law Office of Bob Platt, Granada Hills, CA, for Petitioner.

Michelle Gorden Latour, Esquire, Assistant Director, Luis E. Perez, Senior Litigation Counsel, Jessica Eden Sherman, Esquire, Norah Ascoli Schwarz, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

MEMORANDUM **

Jose Dagoberto Chavez–Romero, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Chavez–Romero failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *See Ramos Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir.2009); *Santos–Lemus,* 542 F.3d at 745–46; *see Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") Because Chavez–Romero's asylum claim fails based on lack of nexus to a protected ground, we need not consider the government's contentions that he waived his challenges to the Board's finding of no past persecution or fear of future persecution, or Chavez–Romero's challenge to the Board's finding he could internally relocate.

Because Chavez–Romero has not "specifically and distinctly argued and raised" the issue of CAT relief, he has waived that claim. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.